THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARILYN LOVE, Defendant-Appellant.

First District (6th Division)    No. 1—00—1039

Opinion filed December 15, 2000.

Rita A. Fry, Public Defender, of Chicago (James S. Jacobs, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Mary L. Boland and Walter T. Keane, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'BRIEN delivered the opinion of the court:

Defendant, Marilyn Love, appeals the circuit court's order denying her motion to suppress evidence. On appeal, defendant argues that the circuit court erred in finding that the arresting officer's stop and search pursuant to *Terry v. Ohio*, 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968), were proper. We reverse.

Defendant was charged with one count of possession of a controlled substance with intent to deliver. At trial, Officer Olson testified that at approximately 1:50 a.m. on January 29, 1999, he was engaged in narcotics surveillance at 5723 West Washington Street in Chicago. With the aid of binoculars, Officer Olson observed defendant, who was approximately 100 to 150 feet away. Officer Olson also observed a male riding a bicycle in the same vicinity.

Officer Olson testified that he observed a male pedestrian approach the bicyclist and hand him an unknown quantity of United States currency. The bicyclist then directed the pedestrian to defendant. The pedestrian approached defendant, who removed an item from her mouth and handed it to the pedestrian.

Officer Olson and his partner then approached defendant and asked her name. Officer Olson testified that defendant had "difficulty answering [so] he told her to spit out what she had in her mouth." Defendant spat out a roll of tape with 16 baggies attached; Officer. Olson testified that he believed the bags contained crack cocaine.

Following Officer Olson's testimony, defendant moved to quash her arrest and suppress evidence. The circuit court denied the motion, finding that Officer Olson had engaged in a proper *Terry* stop.

A stipulation was then read into the record establishing that the substance seized from defendant contained at least 1.1 grams of a substance containing cocaine. Defendant testified on her own behalf and denied possessing or selling drugs on the night in question. The circuit court found her guilty and sentenced her to five years in prison.

Defendant appeals the circuit court's order denying her motion to suppress. For purposes of this appeal, defendant does not dispute the facts of this case as testified to by Officer Olson. Accordingly, our review is *de novo. People v. James*, 163 Ill. 2d 302, 310 (1994).

■ Defendant argues that the circuit court erred in determining that Officer Olson had sufficient grounds to make a *Terry* stop. In *Terry*, the United States Supreme Court held that an officer may briefly detain a person absent probable cause when the officer's decision is based on "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion." *Terry*, 392 U.S. at 21, 20 L. Ed. 2d at 906, 88 S. Ct. at 1880.

■ Illinois has codified a *Terry* stop in section 107—14 of the Code of Criminal Procedure of 1963 (725 ILCS 5/107—14 (West 1992)). Section 107—14 states:

"A peace officer, after having identified himself as a peace officer, may stop any person in a public place for a reasonable period of time when the officer reasonably infers from the circumstances

that the person is committing, is about to commit or has committed an offense as defined in Section 102—15 of this Code, and may demand the name and address of the person and an explanation of his actions. Such detention and temporary questioning will be conducted in the ·vicinity of where the person was stopped." 725 ILCS 5/107—14 (West 1992).

■ The court employs an objective standard to determine whether the stop is reasonable: Would a person of reasonable caution believe the action taken was proper knowing the facts available at the time of the stop? *People v. Rivera*, 272 Ill. App. 3d 502, 504-05 (1995).

■ Officer Olson knew the following specific, articulable facts when he stopped defendant: (1) that at 1:50 a.m., a pedestrian handed money to a bicyclist in the general vicinity of defendant; (2) the bicyclist directed the pedestrian toward defendant; and (3) defendant then took an item out of her mouth and handed it to the pedestrian.

Officer Olson could rationally infer from those facts that the pedestrian gave money to the bicyclist in exchange for the item in defendant's mouth. Although Officer Olson testified that from his vantage point he could not identify the item that defendant gave to the pedestrian, the officer could rationally infer that the item was not a legal substance such as food, gum, breath mints, cough drops, chewing tobacco, etc., as such items are generally not sold or otherwise exchanged after placement in one's mouth. Rather, the rational inference is that the item was an illegal substance, most likely drugs, which can be sold in very small packages. The time of day that the event occurred (1:50 a.m.) further supports the officer's rational inference that defendant was engaged in criminal behavior. Accordingly, Officer Olson had sufficient grounds to make a *Terry* stop.

■ Next, defendant argues that the circuit court erred in finding that Officer Olson engaged in a proper *Terry* search when he told defendant to spit out what she had in her mouth. Defendant argues that the search was improper because the officer did not reasonably fear that he or another was in danger of attack. See *People v. Morales*, 221 Ill. App. 3d 13, 17 (1991); 725 ILCS 5/108—1.01 (West 1992) (a police officer may conduct a *Terry* search only if he has reason to believe that he is dealing with an armed and dangerous individual and that either his safety, or the safety of others, is in danger).

The State counters that the officer never "searched" defendant. We disagree. A search as contemplated by the fourth amendment occurs when an expectation of privacy considered reasonable by society is infringed. *People v. Radcliff*, 305 Ill. App. 3d 493, 501 (1999). Individuals have a legitimate privacy interest protecting against "searches involving intrusions beyond the body's surface." *Schmerber*

*v. California*, 384 U.S. 757, 769-70, 16 L. Ed. 2d 908, 919, 86 S. Ct. 1826, 1835 (1966). Here, Officer Olson effectually intruded upon defendant's body by ordering her to spit out what was in her mouth. The officer's actions constituted a sufficient intrusion upon defendant's privacy interest to qualify as a search under the fourth amendment. See also *People v. Harper*, 237 Ill. App. 3d 202 (1992) (holding that officers engaged in a search when they shined flashlights in defendant's mouth and told him to spit out a folded packet on his tongue).

The State argues that defendant voluntarily spat out what was in her mouth. We disagree. Defendant cannot be said to have acted voluntarily in light of Officer Olson's testimony that he "detained" defendant and "told" her to spit out what was in her mouth. Rather, defendant spat out what was in her mouth in order to comply with the officer's show of authority. See, *e.g.*, *People v. Rivera*, 272 Ill. App. 3d 502 (1995) (a search was effectuated when defendant complied with the officers' show of authority and unzipped his jacket at the officers' request).

The State next argues that the officer's order was a justifiable means of compelling defendant to state her name pursuant to section 107—14, which provides that an officer making a *Terry* stop may "demand the name and address of the person and an explanation of his actions." 725 ILCS 5/107—14 (West 1992). However, while section 107—14 states that an officer may "demand" the defendant's name, it does not provide that the officer may compel a response. Further, the United States Supreme Court has stated in the context of a *Terry* stop:

> "[T]he officer may ask the detainee a moderate number of questions to determine his identity and to try to obtain information confirming or dispelling the officer's suspicions. *But the detainee is not obliged to respond.*" (Emphasis added.) *Berkemer v. McCarty*, 468 U.S. 420, 439, 82 L. Ed. 2d 317, 334, 104 S. Ct. 3138, 3150 (1984).

In the present case, the officer went beyond the scope of *Terry* and section 107—14 when he ordered defendant to spit out what was in her mouth so as to compel a response to his questions. Accordingly, the circuit court erred in denying defendant's motion to suppress.

With the required suppression of the evidence, the State would have no opportunity to prevail on retrial. Therefore, we reverse defendant's conviction.

Reversed.

BUCKLEY and GALLAGHER, JJ., concur.